PEOPLE v NICKLEBERRY

Docket No. 57175. Submitted July 1, 1982, at Grand Rapids.—Decided
    November 4, 1982.

> Gwendolyn Nickleberry was charged with welfare fraud. The
> district court bound defendant over for trial. Defendant ap-
> pealed to the Saginaw Circuit Court which granted the defen-
> dant's motion to quash the information, Gary R. McDonald, J.
> The people appeal. *Held:*
>
> The circuit court properly found that the district court had
> abused its discretion in binding defendant over for trial despite
> its belief that no crime had been committed. The district
> court's capitulation to the pressure by the prosecutor's office
> was properly deemed an abuse of discretion.
>
> Affirmed.

CRIMINAL LAW — APPEAL — CIRCUIT COURTS — EXAMINING MAGIS-
    TRATE.

> A circuit court is limited to determining whether there has been
> an abuse of discretion on the part of an examining magistrate
> in reviewing the magistrate's decision to bind over, or refuse to
> bind over, a defendant for trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Garner K. Train,* Assistant Prosecuting Attorney, for the people.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. The people appeal as of right from an order by the circuit court granting defendant's

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 419.
* Circuit judge, sitting on the Court of Appeals by assignment.

motion to quash an information alleging welfare fraud, MCL 400.60; MSA 16.460.

Defendant was charged with two counts of welfare fraud by the Saginaw County Prosecutor's Office. When the defendant applied for general assistance recertification in June and October 1979, she indicated on the application that she was not employed. Actually, defendant seems to have received payment for work as a student employee from May 1979 through December 1979.

The district court bound defendant over for trial in the following manner:

*"The Court:* Well, I'll tell ya, in one case I don't think there is a crime, but what happens is this.

"If I don't bind it over the prosecutor will appeal it to circuit court and I'll get an order to bind it over. So rather than go through all this thing I'm gonna have to find that a crime has been committed and there's probable cause to believe the defendant committed the crime. And I realize this is a legal fiction, as far as I'm concerned and, um, I don't think the defendant should really be bound over, but that's where it stands."

The circuit court reversed, and made the following statement in the course of granting defendant's motion to quash the information:

"The only abuse of discretion this Court finds is the reason that the examining magistrate bound the case over to circuit court.

"It is well known to this court that the prosecutor's office appeals every unfavorable result from district court to the circuit court. Apparently the district judge had become weary of such added workload and expense and had capitulated his judgment to the pressure of the prosecutor's office."

We affirm.

In reviewing a magistrate's decision to bind over, or to refuse to bind over, a defendant for trial, a circuit court is limited to a determination of whether there has been an abuse of discretion on the part of the examining magistrate. *People v Talley,* 410 Mich 378; 301 NW2d 809 (1981). The circuit court found that the district court had abused its discretion in binding defendant over for trial despite its belief that no crime had been committed. The district court's capitulation to the prosecutor's office was properly deemed an abuse of discretion. Accordingly, we affirm the order of the circuit court quashing the information.

Affirmed.